

**SO ORDERED.**
**SIGNED this 18th day of August, 2022**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

Shelley D. Rucker
**Shelley D. Rucker**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

**In re:**

**River City Resort, Inc.,**
    **Debtor.**

**No. 1:14-bk-10745-SDR**

**Chapter 7**

**Jerrold D. Farinash,** *Trustee*,
    **Plaintiff,**

**v.**

**James L. Henry, Jr.,**
    **Defendant.**

**Adv. No. 1:18-ap-01044-SDR**

## MEMORANDUM OPINION AND ORDER

On March 31, 2022, the Court granted plaintiff's motion for partial summary judgment and determined that the avoided portion of a certain lien was preserved for the estate and had higher priority than defendant's lien, rendering defendant's lien unsecured. (Doc. No. 117.) On July 5, 2022, the Court denied defendant's motion to amend the March 31, 2022 Order but granted plaintiff's unopposed motion for final judgment with respect to the issue of lien avoidance. (Doc. No. 157.) Defendant has appealed the Court's final judgment to the United

States District Court for the Eastern District of Tennessee under Case Number 1:22-cv-00193-DCLC-CHS.  (Doc. No. 160.)

A dispute has arisen regarding the labeling of items to be included in the record on appeal.  On July 28, 2022, defendant filed his designation of the record on appeal under Bankruptcy Rule 8009(a)(1).  (Doc. No. 165.)  On August 12, 2022, plaintiff filed an objection to defendant's designation.  (Doc. No. 166.)  Procedurally, the objection was filed one day late—the deadline for the objection was August 11, 2022 under Bankruptcy Rule 8009(a)(2).  Substantively, plaintiff does not object to the individual docket items that defendant has designated; he objects only to the shortened labels that defendant has used for each document in lieu of the full text for the docket entry for each document.  "The Trustee avers that in order for the Appellate Court to fairly examine the record, the record should accurately display the docket text of the document that the bankruptcy court used in making its decision.  This is necessary for organizational and administrative purposes."  (*Id.* at 4.)

"If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly."  Fed. R. Bankr. P. 8009(e)(1).  The nature of plaintiff's objection points to a simple solution.  The Clerk's Office has advised the Court that, when it officially transmits the record on appeal to the District Court, the transmittal consists of nothing more than an electronic docket entry with links to other docket entries that constitute the record on appeal.  (*See, e.g.*, Adv. No. 1:20-ap-01051-SDR, Doc. No. 53.)  The standard transmittal of the Clerk's Office, then, essentially is what plaintiff is seeking, and that standard transmittal will not be affected by plaintiff's late objection.

Accordingly, the Court resolves plaintiff's objection by directing the Clerk of the Court to proceed with its standard practice for transmittal of the record on appeal, which will include the text for each designated docket entry as it appears in the docket. The transmittal will include Docket Numbers 165 through 167 along with this Order.

# # #